UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
COMMERCIAL LENDING LLC,

                              **Plaintiff,**                  **ORDER**

       -against-                                  22-CV-2910 (HG)

413 GREENE REALTY 2014 CORP., et al.,

                              **Defendants.**
-------------------------------------------------------------x

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

       In this action, plaintiff Commercial Lending LLC ("plaintiff") seeks, *inter alia*, to foreclose a mortgage encumbering real property located in Brooklyn, New York. See Complaint (May 18, 2022) ("Compl."), Electronic Case Filing Docket Entry ("DE") #1. Currently pending before this Court, on referral from the Honorable Hector Gonzalez, is plaintiff's motion for default judgment against defendants. See Order Referring Motion (Sept. 7, 2022).

       Plaintiff requests unpaid principal and interest on the mortgage and asks that the Court appoint a referee to sell the mortgaged premises in order to satisfy the judgment. Plaintiff has submitted the mortgage and note, as well as an affidavit stating that defendant 413 Greene Realty 2014 Corp., and Angelica Shakira Gittens, as guarantor, owe principal in the amount of $1,800,000.00, the full amount of the promissory note. However, plaintiff "provides no documentation or explanation supporting the affidavit's assertion that the unpaid principal at the time of default" is the amount reflected in the Affidavit of Amounts Due to Plainitff. See Windward Bora LLC v. Valencia, 19-CV-4147 (NGG) (RER), 2022 WL 872506, at *6

(E.D.N.Y. Mar. 24, 2022); CIT Bank v. Paganos, No. 14-CV-3987 (CBA)(VMS), 2016 WL 3945343, at *2 (E.D.N.Y. July 18, 2016). In addition, plaintiff requests late charges totaling $48,318.90, but has not explained how it calculated that amount. See Paganos, 2016 WL 3945343, at *2. Finally, plaintiff requests that the Court appoint a referee to conduct the foreclosure sale but failed to name a proposed referee.

Therefore, plaintiff is hereby directed to file, by October 27, 2022, via ECF, documentation supporting the affidavit's assertion that the unpaid principal is the amount stated in the Affidavit of Amounts Due to Plaintiff, an explanation as to the amount of late charges sought, and the names of three referees proposed by plaintiff. Plaintiff must also promptly mail copies of this order to defendants and file proof of service.

In addition, pursuant to the Servicemembers Civil Relief Act (50 U.S.C. § 3931) and Local Civil Rule 55.1, a party seeking default judgment must submit an affidavit indicating whether or not the individual defendant is in military service. The movant must supply the "necessary facts to support the affidavit," 50 U.S.C. § 3931, which must "be based not only on an investigation conducted after the commencement of an action or proceeding but also after a default in appearance by the party against whom the default judgment is to be entered," J & J Sports Prods., Inc. v. Vergara, 19 Civ. 2382 (FB) (VMS), 2020 WL 1034393, at *6 (E.D.N.Y. Feb. 6, 2020), adopted, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020) (citations omitted). In this case, plaintiff's counsel's conclusory statement that upon information and belief the individual defendant is "not in the military service[,]" Affirmation in Support of Request For Clerk's Certificate of Default (Aug. 2, 2022) ¶ 4, DE #17, lacks the requisite "necessary facts" and is therefore insufficient. See Vergara, 2020 WL 1034393, at *6.

Plaintiff must also cure this omission in order to obtain a default judgment against the individual defendant.

Defendants are directed to respond to the motion for default judgment by November 17, 2022 (with a copy served on plaintiff's counsel), and must show cause why the relief requested in plaintiff's motion papers (which were reportedly served on defendants on September 1, 2022), and supplemental motion papers, should not be granted. Defendants are warned that their failure to file a timely response may result in a recommendation that the relief sought by plaintiff be granted.

**SO ORDERED.**

Dated:   Brooklyn, New York
         October 6, 2022

/s/   *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**