UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
COMMERCIAL LENDER LLC,                                            :

            Plaintiff,                                         :

-against-                                                         :

413 GREENE REALTY 2014 CORP., ANGELICA                            :     **REPORT AND**
SHAKIRA GITTENS, A.M. TITLE INC., and NEW                               **RECOMMENDATION**
YORK CITY ENVIRONMENTAL CONTROL                                   :
BOARD,                                                                  22-CV-2910 (HG)(PK)
                                                                  :
            Defendants.
                                                                  :

                                                                  :
------------------------------------------------------------------ x

**Peggy Kuo, United States Magistrate Judge:**

      Commercial Lender LLC ("Plaintiff") brought this action against 413 Greene Realty 2014 Corp. ("413 Greene" or "Borrower"), Angelica Shakira Gittens ("Gittens" or "Guarantor"), A.M. Title Inc. ("A.M. Title"), and the New York City Environmental Control Board ("ECB") (collectively, "Defendants") pursuant to N.Y. Real Prop. Acts. Law ("RPAPL") §§ 1301 *et seq.*, to foreclose on a mortgage encumbering the property located at 413 Greene Avenue, Brooklyn, New York 11216 (the "Property"). (*See* Compl., Dkt.1.)

      Before me on referral from the Honorable Hector Gonzalez is Plaintiff's Motion for Default Judgment (the "Motion"). (*See* Dkt. 21.) For the reasons stated herein, I respectfully recommend that the Motion be granted in part as to Defendant 413 Greene, and denied as to Defendants Gittens, ECB, and A.M. Title.

**FACTUAL BACKGROUND**

      The following facts are taken from the Complaint and its attached exhibits, and are assumed to be true for purposes of the Motion.

1

Pursuant to a Commercial Promissory Note dated May 26, 2021 (the "Note"), 413 Greene borrowed $1,800,000.00 from Plaintiff. (Compl. ¶ 11; Note, Ex. C to the Compl., Dkt. 1-1 at 29-33 (ECF pagination).) 413 Greene secured the Note through a Commercial Mortgage (the "Mortgage"), dated the same day, that encumbered the Property (Compl. ¶ 10; "Mortg.," Ex. B to the Compl., Dkt. 1-1 at 4-27 (ECF pagination); Description of Property, Ex. A to the Compl., Dkt. 1-1 at 2 (ECF pagination).) The Mortgage was recorded in the New York City Register's Office on October 20, 2021. (Compl. ¶ 10; Mortg. at 4 (ECF pagination).)

The Note provides that on the first of each month until the maturity date of June 1, 2051, 413 Greene must pay a fixed amount of principal and interest, $9433.10, to Plaintiff. (Note § 1(A), (C)-(D); *see* Compl. ¶¶ 13-14.) Failure to pay an installment of the principal or interest within 5 days of the due date would result in an "Event of Default" of the Mortgage, triggering the right of Plaintiff to declare the entire outstanding principal sum immediately due without prior notice. (Compl. ¶¶ 14-15; Note §§ 3(a), 10; Mortg. §§ 2.01–3.01.) Upon occurrence of an Event of Default, the interest rate under the Note would increase from the Fixed Annual Rate of 4.79% to the Default Rate of either (i) 23% per annum or (ii) the Maximum Rate, *i.e.*, the amount not exceeding the highest lawful rate permitted under applicable usury law.[1] (Note §§ 1(B), 4, 14.)

On May 26, 2021, Gittens, the President of 413 Greene, executed a Commercial Guaranty (the "Guaranty," referred to collectively with the Note and Mortgage as the "Loan Documents") in which she "unconditionally and absolutely guarantee[d] the prompt payment" of all amounts due under the Loan Documents. (Compl. ¶ 11; Guaranty at 1, Ex. C to the Compl., Dkt. 1-1 at 34-38

---

[1] The highest lawful rate permitted under the usury law applicable to this commercial loan is 25%. N.Y. Penal L. §§ 190.40, 190.42. *See, e.g., Am. E. Group LLC v. Livewire Ergogenics Inc.*, No. 18-CV-3969 (GHW), 2018 WL 5447541, at *3 (S.D.N.Y. Oct. 29, 2018) (noting that as a general matter, corporations and limited liability companies may assert a criminal, but not a civil, usury defense).

(ECF pagination).)  The Guaranty also includes "all costs of collection and attorneys' fees and all other costs, which are required to be paid under the Loan Documents." (*Id.*)

413 Greene failed to make the first payment due on July 1, 2021, and all subsequent payments. (Compl. ¶ 14.)

## PROCEDURAL BACKGROUND

Plaintiff initiated this mortgage foreclosure action on May 18, 2022.  (*See* Compl.)  In addition to 413 Greene and Gittens, Plaintiff named ECB and A.M Title as defendants based on their having filed liens or judgments against 413 Greene and/or the Property, which are subordinate to the Mortgage.  (Compl. ¶¶ 5-6.)

Plaintiff served the Complaint on each Defendant.  (*See* Affs. of Service, Dkts. 10-12, 16.) None of the Defendants answered or otherwise responded.[2]  Upon request by Plaintiff, the Clerk of the Court issued Certificates of Default against 413 Greene, A.M. Title, and ECB on July 8, 2022 (Dkt. 15), and against Gittens on August 8, 2022 (Dkt. 19).

On September 1, 2022, Plaintiff filed the Motion and attached a copy of the Complaint, Memorandum of Law, a Proposed Judgment of Foreclosure and Sale Order, Affidavit of Service, and Declaration in Support.  (*See* Dkt. 21.)  Plaintiff served the Motion on each Defendant and filed proof of service on the docket.  (*See* Dkt. 23.)  On October 6, 2022, the Court ordered Plaintiff to supplement the Motion with specific additional information.  ("Oct. 6 Order" at 2, Dkt. 22.)  On November 28, 2022, Plaintiff submitted supplemental documentation evidencing the unpaid principal balance of $1,800,000.00 as of October 27, 2022 (Borrower Statement of Account ("Statement of Account"), Dkt. 25-1), provided the names of three candidates as proposed referees to conduct the sale of the property (Dkt. 25-2), submitted an affidavit attesting, upon a search conducted after default, that

---

[2] A Notice of Appearance was filed on behalf of ECB on August 2, 2022, but no answer or response was filed. (*See* Dkt. 18.)

3

Defendant Gittens is not in military service (Dkt. 25-3), and an affidavit of service of the supplemental documentation as to Defendants (Dkt. 25-4).

## DISCUSSION

### I. Standard for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure establishes a two-step process regarding default judgments. Fed. R. Civ. P. 55. First, the Clerk of the Court enters a party's default when a defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Then, the plaintiff can apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(2). "[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *GuideOne Specialty Mut. Ins. Co. v. Rock Cmty. Church, Inc.*, 696 F. Supp. 2d 203, 208 (E.D.N.Y. 2010).

### II. Jurisdictional and Procedural Requirements

The court from which default judgment is sought must assure itself that it has subject matter jurisdiction over the action. *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 125-26 (2d Cir. 2011); *see also Jennifer Matthew Nursing & Rehab. Ctr. v. U.S. Dep't of Health & Human Servs.*, 607 F.3d 951, 955 (2d Cir. 2010). The Court may also inquire as to whether it has personal jurisdiction. *See Mickalis*, 645 F.3d at 133; *see Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010).

Additionally, the Court must ensure that (1) Plaintiff took all the required procedural steps in moving for default judgment pursuant to Local Civ. R. 55.2(c); and (2) Plaintiff's allegations, when accepted as true, establish liability as a matter of law. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009). A court possesses significant discretion in granting a motion for default judgment, including whether the grounds for default are clearly established and the amount of money potentially involved. *See Klideris v. Trattoria El Greco*, No. 10-CV-4288 (JBW) (CLP), 2011 WL 7114003, at *2 (E.D.N.Y. Sept. 23, 2011), *R&R adopted*, 2012 WL 273078 (E.D.N.Y. Jan. 30, 2012).

The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, the federal diversity statute. The matter in controversy exceeds $75,000. (Compl. ¶ 8); *see* 28 U.S.C. § 1332(a)(1). Moreover, there is complete diversity of the parties. Plaintiff is a citizen of Connecticut because its sole member, RCN Capital, LLC, is a citizen of Connecticut, and the sole member of RCN Capital, LLC, is an individual who is also a citizen of Connecticut. (Compl. ¶ 2)*; see Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012) (limited liability companies assume the citizenship of each of their members). Defendants 413 Greene and A.M. Title are citizens of New York because each has its principal place of business in New York. (Compl. ¶¶ 3, 5); *see* 28 U.S.C. § 1332(c)(1). Defendant Gittens is a resident, and, therefore, a citizen of New York. (Compl. ¶ 4.) Defendant ECB is an entity that cannot be sued; the City of New York ("City") is the proper party. *See* N.Y.C. Admin Code & Charter Ch. 16 § 396 ("All actions . . .shall be brought in the name of the city of New York and not in that of any agency . . ."); *see, e.g., Alleva v. N.Y. City Dep't of Investigation,* 696 F. Supp. 2d 273, 276 n.2 (E.D.N.Y. 2010), *aff'd*, 413 F. App'x 361 (2d Cir. 2011). Nevertheless, "when claims are brought against non-suable entities, the court may construe them as brought against the City of New York." *Avail 1 LLC v. Latief*, No. 17-CV-5841 (FB) (VMS), 2020 WL 5633869, at *3 n.2 (E.D.N.Y. Aug. 14, 2020), *adopted by* 2020 WL 5633099 (E.D.N.Y. Sept. 21, 2020) (citation and internal quotation marks omitted). Accordingly, the Court construes Plaintiff's claims against ECB as against the City, which is a citizen of New York. *See, e.g.*, *Schiavone Const. Co. v. City of N.Y.*, 99 F.3d 546, 548 (2d Cir. 1996) ("The City of New York is, not surprisingly, a citizen of the State of New York").

Plaintiff served a copy of the Summons and Complaint on Defendant 413 Greene on May 26, 2022, through the New York Secretary of State consistent with N.Y. Bus. Corp. Law § 306(b). (Dkt. 11.) Plaintiff served Defendant Gittens on July 11, 2022 by delivering a copy of the Summons and Complaint to "a person of suitable age and discretion" (identified as her mother) at Gittens's place of

residence within the State and mailing a copy to Gittens's place of residence.  (Dkt. 16); *see* N.Y. CPLR § 308(2).  ECB was served through an authorized agent on May 24, 2022.  (Dkt. 10.); *see* N.Y. C.P.L.R. § 311(a)(2); Fed. R. Civ. P. 4(j)(2); *see also CIT Bank, N.A. v. Paganos,* No. 14-CV-3987 (CBA) (VMS), 2015 WL 13731361, at *3 n.5 (E.D.N.Y. Sept. 25, 2015), *R&R adopted as modified*, 2016 WL 3945343 (E.D.N.Y. July 19, 2016).  Defendant A.M. Title was served on June 1, 2022 through an authorized agent who indicated she was authorized to accept service on behalf of A.M. Title.  (Dkt. 12.)

Additionally, Plaintiff submitted the Notice of Motion for Default Judgment (Dkt. 21), a Memorandum of Law (Dkt. 21-2), Declaration in Support (Alan Weinreb's Declaration of Regularity in Support of Motion ("Weinreb Decl."), Dkt. 21-1), and all relevant exhibits necessary for the Motion. *See* Fed. R. Civ. P 55(b)(2).  Plaintiff also attached the Clerk's Certificates of Default (Dkt. 21-5), a copy of the Complaint (Dkt. 21-4), and a Proposed Judgment of Foreclosure and Sale (Dkt. 21-3).

In compliance with Local Rule 55.2(c), Plaintiff also filed an Affidavit of Service of the Motion on each Defendant.  (Dkt. 21-7.)

### III.   Liability

A defendant who defaults admits all "well-pleaded" factual allegations in the Complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992); *Windward Bora LLC v. Qazi*, No. CV-18-6912 (DRH) (ARL), 2019 WL 2374847, at *2 (E.D.N.Y. May 16, 2019), *R&R adopted*, 2019 WL 2374372 (E.D.N.Y. June 5, 2019). When determining liability, the Court accepts as true all well-pleaded allegations in the Complaint, drawing all reasonable inferences in favor of Plaintiff.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *see also Finkel*, 577 F.3d at 84.  The Court may conduct hearings if it needs to "establish the truth of any allegations by evidence" or "investigate any other matter."  Fed. R. Civ. P. 55(b)(2).  Even if the alleged facts are deemed admitted, they must nevertheless be examined to see whether they constitute legitimate causes of action.  *See Mickalis*, 645 F.3d at 137 ("… a district court

is 'required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law'" prior to entering default judgment) (quoting *Finkel*, 577 F.3d at 84) (alterations omitted).

### A. Defendant 413 Greene

To establish a prima facie case of foreclosure in New York, a plaintiff must show (1) a mortgage; (2) an unpaid note; and (3) proof of default. *See 1077 Madison St., LLC v. Smith*, 670 F. App'x 745, 746 (2d Cir. 2016). "Once a plaintiff mortgagee in a foreclosure action has established a prima facie case … it has a presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *Qazi*, 2019 WL 2374847, at *2.

Plaintiff is in physical possession of the unpaid Note and Mortgage, and is therefore, the owner and holder of the Loan Documents. (Compl. ¶ 13.) *See Eastern Savings Bank, FSB v. Thompson*, 631 F3d.Appx. 13, 15 (2d Cir. 2015). It also submitted the Mortgage and Note, along with other documents, establishing that 413 Greene executed a Mortgage and Note in favor of Plaintiff in the amount of $1,800,000.00.

The Loan Documents describe the circumstances under which default will occur and include an acceleration clause, whereby, in the event of a default, the entire unpaid principal of the loan may be declared immediately due by Plaintiff. (Note § 3; Mortg. § 3.01.) According to the terms of the Loan Documents, default occurs if the borrower fails to make a payment of principal and/or interest within five days after it becomes due. (Note § 3(a); Mortg. § 2.01.) 413 Greene failed to make the first monthly payment on July 1, 2021, and by not making payment by July 6, 2021, defaulted on the Note; such default continues to date. (Compl. ¶ 14; *see also* Felicia Watson's Affidavit of Amount Due to Plaintiff ("Watson Aff.") ¶¶ 5-7, Dkt. 21-6; Statement of Account at 1-2.) Pursuant to the Loan Documents, prior notices of default are not required.[3] (Compl. ¶15; Note § 10; Mortg. § 3.01.)

---

[3] The 90 days' notice requirement of RPAPL § 1304 does not apply because the mortgagor, 413 Greene Realty 2014 Corp., is a corporation, not a natural person.

Therefore, Plaintiff has established its entitlement to foreclosure, and, by failing to appear in this action, 413 Greene has not rebutted its case.

Accordingly, I respectfully recommend that a default judgment of mortgage foreclosure be entered against 413 Greene.

### B. Defendant Gittens

By signing the Guaranty, Gittens acted as a guarantor, but she was not a mortgagor. As such, she did not default on the Mortgage and Note. The Guaranty "is appropriately enforced in the foreclosure action when the deficiency judgment is sought following the sale," and by naming Gittens in this action, Plaintiff has preserved its right to seek a deficiency judgment against Gittens after the foreclosure sale. *Letchworth Realty, LLC v. LLHC Realty, LLC*, No. 15-CV-6680 (FPG), 2020 WL 5361666, at *3 (W.D.N.Y. Sept. 8, 2020) (quoting *Minin v. 2494 Amsterdam Ave, LLC*, No. 111122/10, 2011 WL 5295204, at *6-7 (N.Y. Sup. Ct. Oct. 27, 2011)) (collecting cases).

Accordingly, I respectfully recommend that a default judgment of mortgage foreclosure be denied as to Defendant Gittens.

### C. Defendants ECB and A.M. Title

Plaintiff seeks default judgments against ECB and A.M Title to terminate their alleged interests in the Property. In all proceedings involving real property, "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" is a necessary defendant. RPAPL § 1311(3). Including these parties is important because "the foreclosure action will extinguish the rights of all parties with subordinate interests in the property." *Miss Jones LLC v. McCormick*, No. 16-CV-7129 (WFK) (RER), 2017 WL 4877437, at *3 (E.D.N.Y. Aug. 9, 2017), *R&R adopted*, No. 16-CV-7129 (WFK) (RER), 2017 WL 4898278 (E.D.N.Y. Oct. 27, 2017).

Additionally, "entry of default judgment is appropriate where the complaint alleges nominal liability — i.e., that any judgments the Defaulting defendants may have against the debtor, if liens on the mortgaged property, are subordinate to the plaintiff's lien." *CIT Bank, N.A. v. Castillo*, No. 17-CV-2132 (DRH) (ARL), 2018 WL 1660738, at *3 (E.D.N.Y. Mar. 8, 2018) (internal quotation marks omitted).

1. **Defendant ECB**

In cases where the City or an administrative board of the City is named as a defendant affecting real property, the complaint must set forth "[d]etailed facts showing the particular nature of the interest in or lien on the real property and the reason for making such city a party-defendant." RPAPL § 202-a. For a court to grant a motion for default judgment against the City, a complaint should have more than just "bare allegations" that the City entities were necessary because of possible liens encumbering the property. *See, e.g.*, *Onewest Bank, N.A. v. Cole*, No. 14-CV-03078 (FB) (RER), 2015 WL 4429014, at *4 (E.D.N.Y. July 17, 2015), *as amended*, 2016 WL 11395013 (E.D.N.Y. Jan. 19, 2016), *R&R adopted sub nom. One W. Bank, N.A. v. Cole*, 2016 WL 1069951 (E.D.N.Y. Mar. 18, 2016); *Assets Recovery Ctr. Invs., LLC v. Smith*, No. 13-CV-253 (CBA), 2014 WL 3525011, at *12 n.30 (E.D.N.Y. Mar. 12, 2014), *R&R adopted*, 2014 WL 3528460 (E.D.N.Y. July 15, 2014).

Here, Plaintiff alleged that ECB, a New York City administrative tribunal, has filed a lien or judgment against 413 Greene or the Property, which is subordinate to Plaintiff's Mortgage. (Compl. ¶ 6.) In support, it provided a listing of the liens or judgments held by ECB against Defendant 413 Greene in the amount of $40,625.00. ("Judgment/Lien Search" Ex. D to Compl., Dkt. 1-1 at 40-42 (ECF pagination).) The Judgment/Lien Search identifies five violations that 413 Greene committed, listing the address of 127-21 Liberty Avenue, Richmond Hill (or Queens) 11419, 413 Greene's principal place of business. (Judgment/Lien Search at 41-42 (ECF pagination); *see* Compl. ¶ 3.) These liens appear to be against 413 Greene, not the Property; none of the ECB violations state the address

9

of the Property, which is 413 Greene Avenue, Brooklyn, NY 11216. Therefore, Plaintiff has provided no documentation showing that ECB has a lien or judgment against the Property. *See Wilmington PT Corp. v Gray*, No. 19-CV-1675 (AMD), 2020 WL 7684876, at *7 (E.D.N.Y. Oct. 22, 2022) (denying motion for default judgment where neither of the two proffered records of judgment, one of which listed a different address than the address of the Property, established "what judgment or lien, if any, either agency has on the Property itself").

Accordingly, I respectfully recommend that the Motion with respect to ECB be denied.

### 2. Defendant A.M. Title

Plaintiff also alleges that A.M. Title has filed a lien or judgment against 413 Greene or the Property, which is subordinate to Plaintiff's Mortgage. (Compl. ¶ 5.) Plaintiff has submitted documentation showing a judgment entered by A.M. Title against 413 Greene. (Judgment/Lien Search at 40 (ECF pagination).) The address for 413 Greene is listed as 99 Washington Ave, Albany, NY 12231, and there is no indication of a lien or judgment against the Property.

Accordingly, I respectfully recommend that Plaintiff's Motion as to Defendant A.M. Title be denied. *See Windward Bora, LLC v. Thompson*, No. 18-CV-1811 (NGG) (RML), 2020 WL 1242828, at *6 (E.D.N.Y. Mar. 16, 2020) (denying plaintiff's motion for default judgment as to non-mortgagor defendant where plaintiff did not demonstrate that the alleged lien was against the subject property).

Denying Plaintiff's Motion as to non-mortgagor Defendants Gittens, ECB, and A.M. Title will not defeat Plaintiff's rights with respect to 413 Greene. Rather, the failure to obtain a default judgment against a non-mortgagor party "simply leaves that party's rights unaffected by the judgment of foreclosure and sale." *Glass v. Estate of Gold*, 48 A.D.3d 746, 747 (2d Dep't 2008); *see, e.g., Gustavia Home, LLC v. Lawrence*, No. 16-CV-4010 (SJ) (SMG) 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017) (same).

## IV. Damages

In addition to the judgment of foreclosure and sale, Plaintiff also seeks to recover the unpaid principal balance, and interest and late charges accrued since 413 Greene's default on the Loan Documents. (*See* Compl. ¶ 18.) While the Complaint had sought "reasonable attorneys' fees, plus costs and disbursements" (*id.*), Plaintiff states in the Motion that it no longer seeks to recover attorneys' fees in connection with the foreclosure of the mortgage. (Weinreb Decl. ¶ 7.)

In support of its entitlement to the full principal amount, Plaintiff submitted the affidavit of Felicia Watson, Corporate Counsel for RCN Capital LLC, a Member of Plaintiff, dated July 18, 2022, in which she states that based on her review of the business records, 413 Greene owes an outstanding balance of $1,800,000.00 in unpaid principal. (Watson Aff. ¶¶ 5.) It also submitted the Statement of Account showing that as of October 27, 2022, the principal balance remains $1,800,000.00. I, therefore, find that Plaintiff is entitled to the unpaid principal balance of $1,800,000.00.

In her affidavit, Ms. Watson also states that 413 Greene owes interest that has accrued from June 1, 2021 through July 14, 2022, in the amount of $462,774.00, and that 413 Greene owes $48,318.90 in late charges. (Watson Aff. ¶¶ 5-8.)

Plaintiff calculated the interest amount by multiplying the principal balance ($1,800,000.00) by the annual default interest rate (23%), then dividing by 365 days to obtain a daily interest rate of $1,134.25. (Watson Aff. ¶¶ 5-7.) Plaintiff multiplied this amount by 408, stating that "[s]ince the date of the default is July 1, 2021, and interest pursuant to the Loan is paid in arrears, the interest is calculated from June 1, 2021, through July 14, 2022, which is 408 days." [4] (*Id.* ¶ 7.) Plaintiff's calculation ($1,134.25 x 408) yields interest in the amount of $462,774.00. (*Id.* ¶¶ 5-7.)

---

[4] Although the Note states that interest "shall be calculated on the basis of a 30-day month and a 360-day year" (Note § 1(B)), Plaintiff calculated interest using a 365-day year. (Watson Aff. ¶ 7.) The calculation of 408 days does not include the end date of July 14, 2022.

Plaintiff's interest calculations are premised on incorrect dates. The default interest rate only begins to accrue *after* an Event of Default has occurred. (*See* Note § 4 ("After the occurrence of an Event of Default, interest will accrue at the lesser of (i) 23% per annum or (ii) the Maximum Rate.")) Until that point, the regular interest rate of 4.79% applies. (*See* Note § 1(B) ("The rate of interest of this Note, which shall remain effective until Event of Default…shall be fixed at 4.79% per annum.")) According to Plaintiff, the first payment was due on July 1, 2021, which Defendants did not make. However, an Event of Default only occurred five days later, on July 6, 2021, thus triggering the higher default interest rate as of that date. (*See* Note §§ 3(a), 4.)

Therefore, the correct interest rate from June 1, 2021, through July 5, 2021 is 4.79%. The daily interest amount based on the principal balance is $236.21, which, multiplied by 35 days from June 1 up to and including July 5, 2021 results in interest due on the Note for that period in the amount of $8,267.35.

For the 373 days starting from July 6, 2021 through, but not including, July 14, 2022, the default annual interest rate of 23% applies, resulting in an amount of $423,075.25.

Plaintiff requests late charges in the amount of $48,318.90. In response to the Oct. 6 Order directing it to provide an explanation for how this amount of late charges was calculated, Plaintiff filed a supplemental submission which included a Statement of Account. However, Plaintiff does not explain how late charges in the amount of $48,318.90 were computed.[5] The Statement of Account also states that, as of October 27, 2022, the total unpaid late charges is $0.00. (Statement of Account at 1.) Plaintiff has failed to provide the necessary support for the $48,318.90 it requests in late charges, and thus, I respectfully recommend that the Court decline to award such damages. *See CIT Bank,*

---

[5] Pursuant to the Note, Plaintiff may "collect a late charge equal to five percent (5%) of any payment required hereunder . . . which is not paid within ten (10) days of the due date thereof. (Note § 6.) Five percent of the $9,433.10 monthly installment of principal and interest is $471.65. From July 1, 2021 to July 14, 2022, 413 Greene missed 13 payments, totaling $6,131.45 in late charges. Even calculating late charges to the date the Motion was filed, September 1, 2022, results in $7,074.75 in late charges ($471.65 x 15 months), not $48,318.90.

12

*N.A. v. Ekpo*, No. 17-CV-00787 (DLI) (RML), 2019 WL 4861144, at *4 (E.D.N.Y. Sept. 30, 2019) (denying issuing a damages award where plaintiff has not provided adequate evidentiary support for the claimed amounts); *see also CIT Bank, N.A. v. Paganos*, No. 14-CV-3987 (CBA) (VMS), 2016 WL 3945343, at *2 (E.D.N.Y. July 19, 2016).

V.     **Appointment of Referee**

Plaintiff requests that the Court appoint a referee to effectuate the sale of the Property. (Weinreb Decl. at 3.) "Courts in this Circuit have permitted such appointments where the plaintiff established a *prima facie* case by presenting a note, a mortgage, and proof of default." *Windward Bora LLC v. Thomas*, No. 20-CV-5320 (DG) (MMH), 2022 WL 14731628, at *10 (E.D.N.Y. Sept. 30, 2022) (internal quotation omitted). As set forth above, Plaintiff has satisfied this burden, and, accordingly, the Court may appoint a referee.

Plaintiff provided the names of three individuals for the Court's consideration in appointing a Referee to effectuate the sale of the Property: Susan Ellen Rizos, Esq., Allan B. Mendelsolm, Esq., and Judge Randolph Jackson. (Suppl. Declaration of Alan H. Weinreb ("Weinreb Suppl. Decl.") ¶ 4, Dkt. 25.)

The Court's research shows that Susan Ellen Rizos has been appointed in multiple similar foreclosure cases in this District. *See Miami Home, LLC v. Ahmed*, No. 22-CV-1607 (FB) (JRC), 2023 WL 2189301, at *8 (E.D.N.Y. Feb. 8, 2023), *R&R adopted*, No. 22-CV-1607 (FB) (JRC), 2023 WL 2187486 (E.D.N.Y. Feb. 23, 2023); *Thomas*, 2022 WL 14731628, at *10; *Windward Bora, LLC v. Brown*, No. 21-CV-03147 (KAM) (RER), 2022 WL 875100, at *5-6 (E.D.N.Y. Mar. 24, 2022); *Windward Bora, LLC v. Chazon*, No. 19-CV-3912 (FB) (CLP), 2020 WL 1034362, at *5 (E.D.N.Y. Jan. 8, 2020), *R&R adopted*, No. 19-CV-3912 (FB) (CLP), 2020 WL 1031532 (E.D.N.Y. Mar. 3, 2020). Moreover, Ms. Rizos has multiple decades of litigation experience handling, among other things, foreclosure actions

13

and real estate transactions. (Referee CVs, Ex. B to Weinreb Suppl. Decl. at 2 (ECF pagination), Dkt. 25-2.)

Accordingly, I respectfully recommend that Susan Ellen Rizos be appointed as the Referee.

## CONCLUSION

Based on the foregoing, I respectfully recommend that the Motion be granted in part and denied in part. Specifically, I respectfully recommend that a default judgment of mortgage foreclosure be entered against Defendant 413 Greene, and denied as to Defendants Gittens, ECB, and A.M. Title. I also recommend that Susan Ellen Rizos, Esq. be appointed as the referee for the foreclosure and sale.

I further recommend that the Court award Plaintiff damages consisting of (1) $1,800,000.00 for the unpaid principal balance; (2) interest in the amount of $431,342.60; and at a daily rate of $1,134.25 from July 14, 2022 until the Note is paid in full. I recommend that Plaintiff's request for an award of late charges totaling $48,318.90 be denied. Finally, I recommend that apart from the reduced interest amount and denial of late charges, the Court enter Plaintiff's Judgment of Foreclosure and Sale as proposed.

Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any such objection waives the right to further judicial review of this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

SO ORDERED:

*Peggy Kuo*

**PEGGY KUO**
**United States Magistrate Judge**

Dated: September 7, 2023
Brooklyn, New York

14